# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JEVON RYNELL OGLESBY,<br><br>　　　　　　　Petitioner,<br>　v.<br>KYLE OLSEN, et al.,<br><br>　　　　　　　Respondents. | Case No. 2:21-cv-01102-GMN-VCF<br><br>**ORDER** |

This habeas matter is before the Court on Petitioner Jevon Rynell Oglesby's Response to the Court's Order to Show Cause (ECF No. 6), filed as Motion of Writ of Habeas Corpus to Show Cause. Also before the Court is Petitioner's Motion re Claim of Negligence, Abuse of Power, and Unlawfulness (ECF No. 3).

## Background[1]

Oglesby challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). Oglesby pled guilty to two counts of robbery with use of a deadly weapon. On February 13, 2015, the state court entered a judgment of conviction and sentenced him to 72 to 180 months for count one and a consecutive term of 72 to 180 months for the use of the deadly weapon as well as 72 to 180 months for count two and a consecutive term of 72 to 180 months for the use of the deadly weapon to run concurrently with count one. Oglesby appealed and on July 14, 2015 the Nevada Court of Appeals affirmed the judgment of conviction.

On September 24, 2015, Oglesby filed a motion to modify or correct an illegal sentence. The state court denied his motion and on May 17, 2016, the Nevada Court of Appeals affirmed. On June 13, 2016, remittitur issued. On March 17, 2016, Oglesby filed a second motion to correct

---

[1] Petitioner has attached only some of the written findings of the state courts to his petition. However, the dockets of his criminal action and appeals are available online, and the Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts, which may be accessed by the public online at: www.clarkcountycourts.us and www.caseinfo.nvsupremecourt.us/public/caseSearch.do .

an illegal sentence. The state court denied his motion and on December 14, 2016, the Nevada Court of Appeals affirmed. On January 10, 2017, remittitur issued.

On June 10, 2021, Oglesby initiated this federal habeas proceeding. ECF No. 1-1. The Court issued an order to show cause why his petition should not be dismissed as untimely. ECF No. 4. Oglesby was informed that his conviction became final when the time expired for filing a petition for writ of certiorari with the Supreme Court of the United States on October 12, 2015. *Id.* at 3. The Court assumed, without deciding, that the one-year federal statute of limitations period was tolled during the pendency of Oglesby's first motion to correct illegal sentence, from September 24, 2015, until June 13, 2016 and the limitations period would have started to run again on June 14, 2016. *Id.* Accordingly, once the limitations period began to run again, it expired 365 days later on June 14, 2017, absent another basis for tolling or delayed accrual. *Id.*

The Court informed Oglesby that even if the Court assumed, without deciding, that that the limitations period was tolled during the pendency of Oglesby's second motion to correct illegal sentence from March 17, 2016, until January 10, 2017, the limitations period would have started to run again on January 11, 2017. *Id.* Before the motion to correct illegal sentence was filed, 156 days of the federal limitations period elapsed. *Id.* Accordingly, once the limitations period began to run again, it expired 209 days later on August 8, 2017, absent another basis for tolling or delayed accrual. *Id.* Thus, Oglesby filed his petition nearly 4 years after the limitations period expired even if the Court assumed the limitation period was tolled during the pendency of Oglesby's motions to correct illegal sentence.

Given these facts, the Court ordered Oglesby to show cause in writing why this action should not be dismissed with prejudice as untimely. ECF No. 4. In his response, Petitioner argues that equitable tolling is warranted because he did not have post-conviction counsel and he pursued his rights with reasonable diligence given his mental impairment. (ECF No. 6 at 12-13.)

**Discussion**

**I. Equitable Tolling**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year limitation period for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254.

The one-year limitation period, *i.e.*, 365 days, begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. *Id.* § 2244(d)(1)(A).  The AEDPA limitations period is tolled while a "properly filed" state post-conviction proceeding or other collateral review is pending. 28 U.S.C. § 2244(d)(2).  But no statutory tolling is allowed for the period of time between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006).  And no statutory tolling is allowed for the period between the finality of a post-conviction appeal and the filing of a federal petition. *Nino*, 183 F.3d at 1007

The Supreme Court has held that AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010).  However, equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 649.  Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quotation omitted).  A petitioner "must show that some external force caused his untimeliness, rather than mere oversight, miscalculations or negligence." *Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011).  The petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Id.* at 1065.  He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g.*, *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *accord Bryant v. Arizona Att'y General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

### a. Post-Conviction Counsel

Petitioner asserts that equitable tolling is warranted because he did not have post-conviction counsel.  There is, however, no federal constitutional right to the assistance of counsel in post-conviction proceedings. *See Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987) ("[T]he right

to appointed counsel extends to the first appeal of right, and no further."). "States have no obligation to provide [post-conviction relief] and when they do, the fundamental fairness mandated by the Due Process Clause does not require that the State supply a lawyer as well." *Id.* at 557 (internal citation omitted). Oglesby is not entitled to legal assistance for post-conviction relief. *See also Miranda v. Castro*, 292 F.3d 1063, 1067-68 (9th Cir. 2002)

"[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir. 2006); *see also Waldron–Ramsey,* 556 F.3d at 1013 n. 4 ("[A] pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling.") Additionally, a lack of knowledge of the AEDPA's one-year statute of limitations is not sufficient to warrant equitable tolling. *See Johnson v. United States,* 544 U.S. 295, 311 (2005). Accordingly, Oglesby has not met his burden of showing that lack of post-conviction counsel constitutes an extraordinary circumstance warranting equitable tolling.

### b. Mental Impairment

Further, Oglesby contends that he is entitled to equitable tolling because he pursued his rights with reasonable diligence despite his mental impairment, ADHD. ECF No. 6 at 12. To the extent that Oglesby is arguing that he is entitled to equitable tolling due to a mental impairment, he fails to meet his burden. A petition is entitled to equitable tolling due to mental impairment when the petitioner meets a two-part test:

(1) First, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control, by demonstrating the impairment was so severe that either

   a. petitioner was unable rationally or factually to personally understand the need to timely file, or

   b. petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.

(2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

*Bills v. Clark*, 628 F.3d 1092, 1099 (9th Cir. 2010).

Oglesby does not support his contention with any argument or facts and he has not satisfied the *Bills* test "that he diligently pursued his claims to the extent that he could understand them." *Id.* at 1100. *See also Lawrence v. Florida,* 549 U.S. 327, 337 (2007) (finding claim of mental incapacity was not an "extraordinary circumstance" requiring equitable tolling when petitioner "made no factual showing of mental incapacity"). Oglesby has not shown that he was unable to rationally or factually to personally understand the need to timely file, or that his mental state rendered him unable personally to prepare a habeas petition and effectuate its filing. *Bills*, 628 F.3d at 1100.

Oglesby does not set forth any effort made to timely file a federal habeas petition, let alone efforts constituting reasonable diligence. Although Oglesby litigated the validity of his sentences during the 6-year period between his sentencing and the start of this federal habeas action, these efforts were in the form of motions to correct or modify an illegal sentence. Oglesby does not identify any effort he made to assert his federal habeas claims. He does not address the nearly 4-year period between his second motion to correct or modify an illegal sentence and the filing of this federal habeas action, during which he made no effort to assert federal claims.[2] *See Brown v. Ryan*, 2015 WL 3990513, at *9 (D. Ariz. June 30, 2015) (dismissing habeas action where the petitioner "[did] not explain what efforts he made to pursue his claims" or "explain how his alleged mental health impairment prevented him from filing his petition").

Oglesby has not met his burden of showing that he had a severe mental impairment that constitutes an extraordinary circumstance warranting equitable tolling. Further, Petitioner has not shown that he acted diligently in pursuing his claims. Accordingly, the Court concludes that equitable tolling is not warranted and Oglesby's petition, filed 4 years after the expiration of the AEDPA statute of limitations, is untimely and must be dismissed.

**II. Motion re Negligence, Abuse of Power, and Unlawfulness**

In his motion, Oglesby includes "additional information substantiating [his] claim of

---

[2] In 2019, Oglesby appealed an order of the state district court denying a motion for amended judgment of conviction to include jail time credits. The Nevada Court of Appeals dismissed the appeal.

negligence, abuse of power, and unlawfulness…" and attaches various state district court filings. ECF No. 3 at 1. Under Local Rule ("LR" 15-1, a moving party must attach a proposed amended pleading to a motion seeking leave of the court to file an amended pleading. The amended petition must be complete in itself without reference to previously filed papers. Oglesby failed to seek leave of the Court to file an amended petition. Further, the supplemental filing references previously filed papers and does not appear to be complete in itself. Accordingly, Oglesby's motion is denied.

**IT IS THEREFORE ORDERED:**

1. The Clerk of the Court shall file the Petition (ECF No. 1-1) and the Petition is hereby dismissed with prejudice as untimely.

2. Petitioner's Motions for Appointment of Counsel (ECF Nos. 1-2, 1-3) shall be filed on the docket and are hereby dismissed as moot.

3. Petitioner's Motion re Claim of Negligence, Abuse of Power, and Unlawfulness (ECF No. 3) is denied.

4. Petitioner's Motion of Writ of Habeas Corpus to Show Cause (ECF No. 6) is denied.

5. Petitioner is denied a certificate of appealability, as jurists of reason would not find the Court's dismissal of the Petition as untimely to be debatable or wrong.

6. The Clerk of Court shall enter final judgment accordingly and close this case.

7. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court will informally serve the Nevada Attorney General with the Petition and this order by sending a notice of electronic filing to the Nevada Attorney General's office.

DATED: December 27, 2021

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE